In re Martin B.
CHRISTIANSON, Debtor.

COMMERCIAL UNION INSURANCE
COMPANY, et al., Plaintiffs,

v.

Martin B. CHRISTIANSON, Defendant.

Bankruptcy Nos. 85–04248–1.
Adv. No. 86–0115–1.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Sept. 15, 1986.

James R. Brown, Kearney, Mo., for defendant.

Richard J. Koury, II, Independence, Mo., for plaintiffs.

## ORDER

KAREN M. SEE, Bankruptcy Judge.

Plaintiffs' Complaint to Determine Dischargeability of Debt was heard July 30, 1986. Commercial Union (hereinafter "CU") seeks to bar discharge of its state court judgment under 11 U.S.C. § 523(a)(9), which excepts from discharge a judgment if liability resulted from debtor's operation of a motor vehicle while legally intoxicated. Thus, the issues are whether debtor was legally intoxicated, and if so, whether intoxication was a factor in causing an accident.

Neither party presented witnesses although afforded the opportunity to do so. The following exhibits were admitted into evidence by stipulation and, as requested by the parties, the case was submitted solely on the documents:

*Exh. 1*—Petition filed in Case No. CV183–2034 in Circuit Court of Clay County, Missouri, in which CU sought judgment against debtor for alleged negligence.

*Exh. 2*—Judgment entry dated September 4, 1985, for judgment of $14,970 for CU and against debtor.

*Exh. 3*—Transcript of state court trial on September 4, 1985.

*Exh. 4*—Police accident report dated September 13, 1980.

*Exh. 5*—Alcohol influence report, dated September 13, 1980, prepared by police officer Michael Beard.

*Exh. 6*—Citation for careless and imprudent driving issued to debtor (showing on face that he pleaded guilty to the charge).

In 1980 debtor was involved in an automobile accident with CU's insured, Robert Belcher. Debtor received a citation for careless and imprudent driving, to which he pleaded guilty in municipal court. He has not been tried for or convicted of any charge for driving while intoxicated.

In 1985 a $14,970 judgment was entered against debtor in a state court action which was referred to as a default proceeding (transcript at 2). Although unclear, apparently an attorney for debtor was in the courtroom but did not participate in the trial; he did not present evidence, objections or argument. CU alleged only that debtor was negligent. Driving while intoxicated was not pleaded or mentioned in the judgment entry. There was no testimony about it from a witness with personal knowledge. The only witness was CU's employee. Exhibits such as the alcohol report prepared by Officer Beard, the ar-

resting officer, were admitted into evidence after identification by CU's employee who had absolutely no personal knowledge of the exhibits or the accident. Neither the insured nor the arresting officer testified.

In the present action, the evidence consisted solely of documents submitted by stipulation. The documents were the same ones admitted in the state court trial. The parties also stipulated that under § 577.037 RSMo, a person is presumed intoxicated if blood alcohol content is .10% or higher, but the presumption is rebuttable by evidence the person was not intoxicated. The alcohol report listed debtor's blood alcohol content as .16%. In the report Officer Beard also made the following observations of debtor: (a) balance—fair; (b) walking—fair; (c) turning—fair; (d) speech—coherent, slurred; (e) choice of words—good; (f) sentence continuity—good; (g) attitude—polite.

The burden of proof is on the party objecting to discharge of a debt. In furtherance of the policy to give debtors a fresh start, "exceptions to discharge are narrowly construed so that the burden on the objecting creditor is substantial." *In re Petersen*, 51 B.R. 486, 488 (Bkrtcy.Ks. 1985); *In re Antikainen*, 48 B.R. 630, 632 (Bkrtcy.Minn.1985). In the present case, the evidence was insufficient to conclude that debtor was legally intoxicated, that the alleged intoxication was a factor in causing the accident and, therefore, that the state court judgment is nondischargeable under § 523(a)(9).

■ CU asserts the state court decision is conclusive on the issue of intoxication and thus, dischargeability. One asserting collateral estoppel must provide a sufficient record of the prior trial for this Court to find: (1) the issue to be concluded is the same as that in the prior action; (2) the issue was litigated in the prior action; (3) the issue was in fact judicially determined in the prior action; and (4) the judgment in the prior action was dependent upon the determination made of the issue. *In Re Goldzweig*, 54 B.R. 229, 13 B.C.D. 855, 858 (Ill.1985).

■ The issues sought to be concluded by collateral estoppel are whether debtor was legally intoxicated, and if so, whether intoxication was a factor in the accident. However, as noted earlier, the issue of intoxication was not addressed in the state court pleadings, trial or judgment. Only negligence was pleaded and the second-hand testimony of CU's employee is of no value. She simply described Officer Beard's reports which CU obtained from the police department. Collateral estoppel has no application here. It is clear from the pleadings and transcript of the state trial that the issue of legal intoxication was not addressed or determined.

■ CU also asserts this Court can look behind the state court judgment and determine independently in this dischargeability action whether liability in state court arose from operation of a vehicle while legally intoxicated. The Court agrees, and having thoroughly considered the exhibits submitted in lieu of testimony, finds them lacking. The facts gleaned from the stipulated documents were meager. The accident and alcohol influence reports are not sufficient to find that debtor was legally intoxicated and that liability for the state court judgment arose from the alleged intoxication. Although the alcohol report shows an alcohol level of .16%, Officer Beard's observations of debtor's appearance and demeanor undercuts any firm conclusion of intoxication. He noted that debtor's manner was polite; choice of words and sentence continuity were good; speech was coherent; and balance, walking and turning were fair. These observations of debtor's condition rebut any presumption of intoxication arising from the blood alcohol test result and preclude a finding of legal intoxication. In order to prevail, CU was required to produce additional evidence.

At most, CU proved that a municipal court found debtor guilty of careless and imprudent driving and a state court found him negligent. In neither the state court trial nor the present dischargeability action

did CU offer testimony from persons such as CU's insured or the arresting officer, two persons who could describe debtor's condition. Both times CU relied upon the accident and alcohol reports without further testimony from a knowledgeable witness. The documents alone, without further evidence, are not sufficient to support a finding that the judgment arose from debtor's operation of a vehicle while legally intoxicated. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the issues presented in Plaintiffs' Complaint are found in favor of defendant; that the debt owed to plaintiffs is hereby discharged; and that costs of this action are assessed against plaintiffs.