In re Jeffrey Dean WRIGHT, Debtor.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and Kimberly Ann Hart, Plaintiff,**

v.

**Jeffrey D. WRIGHT, Defendant.**

**Bankruptcy No. IP85–5269 MS. Adv. No. 86–0109.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Oct. 8, 1986.

David S. Wallace, Muncie, Ind., for plaintiff.

Jack Quirk, Muncie, Ind., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

NICHOLAS W. SUFANA, Bankruptcy Judge.

State Farm Mutual Automobile Insurance Co. and Kimberly Ann Hart ("Plaintiffs") filed their Complaint for Determination of Dischargeability of Debt on February 6, 1986. Jeffrey D. Wright ("Wright") answered on February 24, 1986. The proceeding came before this Court for a hearing on August 28, 1986.

Wright appeared at the hearing in person and by counsel Jack Quirk. The Plaintiffs appeared by counsel David S. Wallace. At the close of the evidence the Court requested the parties to submit proposed findings of fact and conclusions of law. The parties have since complied with that request. And the Court, having reviewed the evidence and considered the arguments of counsel, now makes the following findings of fact:

### Findings of Fact

1. On March 20, 1982, Wright was driving an automobile owned by Freddie Lay, Jr.

2. The automobile was involved in an accident with an automobile driven by Plaintiff Kimberly Hart and insured by Plaintiff State Farm Mutual Automobile Insurance Co.

3. The parties dispute which driver was at fault in the accident. No traffic citations were issued as a result of the accident.

4. Prior to the accident, Wright, only twenty years old at the time, had consumed two beers over a period of several hours.

5. After the accident, Wright was charged with public intoxication under Indiana Code Section 7.1–5–1–3. That statute prohibits appearance "in a public place or in a place of public resort in a state of intoxication." The statute does not define "intoxication."

6. Wright did not retain an attorney to defend him on the public intoxication charge, but pleaded guilty to the offense, was fined $25.00 plus court costs, given a 30–day suspended jail sentence, and placed on unsupervised probation for six months.

7. The Indiana statutes prohibiting driving while intoxicated appear at Indiana Code Sections 9–11–1–1 and following. Indiana Code Section 9–11–1–5 defines "in-

toxicated"—but only for the purposes of the sections on driving while intoxicated—as being under the influence of alcohol or drugs and showing "impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person." Proof of intoxication is tied to the levels of alcohol in the suspect's blood. For example, a blood alcohol content level of .10 per cent or more is "prima facie evidence of intoxication", while a blood alcohol content level of .05 per cent but less than .10 per cent is merely "relevant evidence of intoxication." Indiana Code Sections 9-11-1-7 and 9-11-1-7.5. Further, Indiana Code Sections 9-11-4-1 and following provide for mandatory testing to determine the blood alcohol level when a driver is stopped on suspicion of driving while intoxicated.

8. No evidence was presented to show that Wright was "intoxicated" as defined in Indiana Code Section 9-11-1-5 and following, nor was any evidence presented to show that the accident resulted from Wright's operation of a motor vehicle while "intoxicated."

9. Wright and the Plaintiffs agreed to a civil judgment in Delaware County Superior Court, Cause No. S 83/196, in the amount of $8,348.83 plus interest and costs. That stipulated judgment makes no reference to Wright's alleged intoxication at the time of the accident.

Whereupon, the Court now enters the following conclusions of law:

### Conclusions of Law

■ 1. This Court has jurisdiction over the parties to this adversary proceeding. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the General Order of Referral from the United States District Court for the Southern District of Indiana dated July 11, 1984. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).

■ 2. As the parties seeking a determination that the debt owed them is not dischargeable, the Plaintiffs have the burden of proof and must establish each element by clear and convincing evidence. *In re: Kimzey,* 761 F.2d 421 (7th Cir.1985).

■ 3. The Plaintiffs seek a determination that the stipulated judgment is not dischargeable under 11 U.S.C. § 523(a)(6). That subsection prevents the discharge of any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."

4. Section 523(a)(6) requires more than a showing of reckless disregard by Wright for the consequences of his acts. The Plaintiffs must show that Wright intended to injure Kimberly Hart or her property. *In re: Compos,* 768 F.2d 1155 (10th Cir. 1985); *In re: Gonzales,* 52 B.R. 711 (Bankr.E.D.Wis.1985). This the Plaintiffs have failed to show.

■ 5. The Plaintiffs have cited *In re: Adams,* 761 F.2d 1422 (9th Cir.1985). There, the Ninth Circuit decided that a debt which results from driving while intoxicated is not dischargeable, pursuant to Section 523(a)(6), because the operation of a motor vehicle while intoxicated is "willful and malicious" conduct. The Ninth Circuit based its conclusion in part on Section 523(a)(9), added to the Bankruptcy Code in 1984. That subsection expressly excludes from discharge any debt resulting from the debtor's operation of a motor vehicle while legally intoxicated. The Ninth Circuit concluded that by adding Section 523(a)(9) Congress was attempting to clarify that operation of a motor vehicle while intoxicated is a "willful and malicious" act denied discharge by Section 523(a)(6). Other courts have disagreed.

6. The Tenth Circuit expressly disagreed with the Ninth Circuit's conclusion that Section 523(a)(9) was intended by Congress to clarify Section 523(a)(6). *In re: Campos,* above. This Court must concur in the opinion that Section 523(a)(9) is not merely a clarification of Section 523(a)(6), but is a new statute created solely for the purpose of declaring drunk driving debts

non-dischargeable. *In re: Noller,* 56 B.R. 36 (Bankr.E.D.Wis.1985).

7. Nor does this Court agree with those decisions, also relied upon by the Ninth Circuit, which hold that driving while intoxicated, without more, qualifies as a "willful and malicious" act. A debt that results from driving while intoxicated may be found to be non-dischargeable, but direct evidence of intent to injure is required. *In re: Reeves,* 56 B.R. 472 (Bankr. N.D.Ala.1985); *Cassidy v. Minihan,* 52 B.R. 947 (W.D.Mo.1985); *Matter of Hostetler,* 44 B.R. 886 (Bankr.M.D.Fla.1984); *In re: Gonzales,* above.

8. In their proposed findings and conclusions, the Plaintiffs also attempt to have this Court declare the debt non-dischargeable under Section 523(a)(9). Without discussing the propriety of invoking a separate part of Section 523 neither raised in the pleadings nor discussed at trial, this Court must conclude that the subsection is of no help to the Plaintiffs.

9. Section 523(a)(9) does indeed apply to this action. Although the accident occurred before October 8, 1984, the effective date of that subsection, the bankruptcy was filed after the effective date. *In re: Cardona,* 50 B.R. 596 (Bankr.S.D.Fla. 1985). But the Plaintiffs have failed to establish their burden of proof under this subsection.

10. First of all, the Plaintiffs have failed to establish that Wright was driving a motor vehicle while legally intoxicated under the laws of Indiana. The Plaintiffs presented no evidence of his blood alcohol level, nor any other evidence tending to establish that Wright suffered from an "impaired condition of thought and action and the loss of normal control of [his] faculties to such an extent as to endanger any person."

11. The guilty plea to a charge of public intoxication under Indiana Code Section 7.1–5–1–3 is not the equivalent of a guilty plea to a charge of driving while intoxicated under Indiana Code Section 9–11–2–1 and following. The latter provi-

sions require blood tests, the refusal to take such a test, or other objective evidence. The public intoxication statute provides no such standards.

12. Perhaps the Court could interpret Section 523(a)(9) so that it applies in any situation where the debtor was legally intoxicated under any of a state's laws governing the use of alcohol, and not require a showing of legal intoxication as defined in the statutes concerning the operation of motor vehicles. But exceptions to discharge should be narrowly construed against the objecting creditor and in favor of the debtor. *In re: Hunter,* 780 F.2d 1577 (11th Cir.1986). A limited interpretation is also consistent with the Congressional intent behind Section 523(a)(9). The section should be tied to a state's laws on driving while intoxicated, and not to general laws regulating the use of alcohol.

13. A debtor may not escape Section 523(a)(9) by pleading guilty to a lesser included offense when charged with driving under the influence. See *Dougherty v. Brackett,* 51 B.R. 987 (D.Colo.1985), where Section 523(a)(9) was held to preclude discharge where the debtor charged with driving while intoxicated pleaded guilty to driving while his ability was impaired by alcohol. But a debtor like Wright, who pleads guilty only to a charge of public intoxication not tied to the operation of a vehicle, should not be convicted of a greater offense, which a finding of non-dischargeability under Section 523(a)(9) would do, without more evidence.

## Order

Based upon the foregoing, it is OR-DERED, ADJUDGED, AND DECREED that the debt of Jeffrey D. Wright to State Farm Mutual Automobile Insurance Co. and Kimberly Hart is dischargeable.