In the Matter of Gregory Charles HART, Debtor.

Jeanine WILLIAMS a/k/a Jeanine Williams Nesbitt and Criterion Insurance Company, Plaintiffs,

v.

Charles Gregory HART a/k/a Gregory Charles Hart, Defendant.

Bankruptcy No. 87–50401.
Adv. No. 87–5022.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 14, 1987.

John R. Francisco, Macon, Ga., for plaintiffs.

S. Phillip Brown, Macon, Ga., for defendant.

## MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

ROBERT F. HERSHNER, Jr.,
Bankruptcy Judge.

### STATEMENT OF THE CASE

Charles Gregory Hart a/k/a Gregory Charles Hart, Defendant, filed his Chapter 7 bankruptcy case with the Court on February 24, 1987. On March 17, 1987, Jeanine Williams a/k/a Jeanine Williams Nesbitt and Criterion Insurance Company, Plaintiffs, filed with the Court this adversary proceeding. In the adversary proceeding, Plaintiffs ask the Court to find that a debt owed them by Defendant is nondischargeable under section 523(a)(9) of the Bankruptcy Code.[1] This adversary proceeding came on for trial on July 7, 1987. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

### FINDINGS OF FACT

On the night of October 2, 1985, Defendant was headed south on Interstate 75 when he lost control of his vehicle, striking a guardrail. Defendant's vehicle came to rest in the right lane of Interstate 75. Plaintiff was also traveling south on Interstate 75, and, upon seeing Defendant's vehicle in the right lane, was unable to stop in time to avoid hitting Defendant's vehicle.

Jeanine Williams, Plaintiff, testified that after the accident she spoke with Defendant and could smell alcohol on his breath. Officer Echols of the Macon Police Department responded to the accident. Officer Echols testified that Defendant's speech was slurred and that his eyes were red. She testified further that she could smell alcohol on Defendant. Based upon her observations, Officer Echols determined that Defendant should be given a Breathalyzer test. She administered a Breathalyzer test at the scene of the accident. The test indicated that Defendant needed further testing to determine whether Defendant was operating his vehicle under the influence of alcohol. Defendant was then taken to the Macon City Hall where a second test was administered. The results of the second test were not introduced in evidence at trial.

Defendant was charged with driving under the influence, but the charge was dropped at a later date. Ms. Williams filed suit against Defendant in the Civil Court of Bibb County to recover the damages she suffered in the October 2, 1985 accident. A consent judgment was entered in the state court action on February 2, 1987, which provided:

#### CONSENT JUDGMENT

IT APPEARING TO THIS COURT by signature of counsel for Plaintiff and Defendant below that they have consented to the entry of this judgment;

IT IS HEREUPON CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff have and recover of the Defendant CHARLES GREGORY HART the sum of $3,500.00, plus costs of Court.

SO ORDERED, this 2nd day of Feb, 1987.

### CONCLUSIONS OF LAW

Section 523(a)(9) of the Bankruptcy

---

1. 11 U.S.C.A. § 523(a)(9) (West Supp.1987).

Code [2] provides:

(a) A discharge under section 727, 1141[,] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred; ...

11 U.S.C.A. § 523(a)(9) (West Supp.1987).

■ The threshold question presented to the Court is whether Defendant was legally intoxicated under Georgia law when he was operating his vehicle on the night of October 2, 1985. If he was not legally intoxicated under Georgia law, then the debt owed by Defendant to Plaintiffs is dischargeable in bankruptcy. The burden of proof is on the party objecting to the discharge of a debt, therefore Plaintiffs must prove each element of section 523(a)(9). *State Farm Mutual Automobile Insurance Co. v. Wright (In re Wright)*, 66 B.R. 403, 406 (Bankr.S.D.Ind. 1986); *Commercial Union Insurance Co. v. Christianson (In re Christianson)*, 65 B.R. 157, 159, 14 B.R. Ct. Dec. 1285, 1286 (Bankr.W.D.Mo.1986).

■ Subsection (a) of section 40–6–391 of the Georgia Code provides that no person shall operate a moving vehicle while under the influence of alcohol or when there is 0.12 percent or more by weight of alcohol in his blood.[3] Georgia courts have interpreted this code section to establish a single crime—driving under the influence (DUI).[4] The four paragraphs of subsection (a) simply establish alternative methods of proving a violation of the section.[5] Subsection (b) of section 40–6–392 sets forth certain legal presumptions to guide courts in determining whether a person was DUI as that term is used within section 40–6–391.[6]

---

**2.** 11 U.S.C.A. § 523(a)(9) (West Supp.1987).

**3.** O.C.G.A. § 40–6–391(a) (Supp.1987). Section 40–6–391(a) provides:

(a) A person shall not drive or be in actual physical control of any moving vehicle while:
(1) Under the influence of alcohol;
(2) Under the influence of any drug to a degree which renders him incapable of driving safely;
(3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; or
(4) There is 0.12 percent or more by weight of alcohol in his blood.
O.C.G.A. § 40–6–391(a) (Supp.1987).

**4.** *Lester v. State*, 253 Ga. 235, 320 S.E.2d 142 (1984); *Kuptz v. State*, 179 Ga.App. 150, 345 S.E.2d 670 (1986).

**5.** *Id.*

**6.** O.C.G.A. § 40–6–392(b) (1985). Section 40–6–392(b) provides:

(b) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of Code Section 40–6–391, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions:
(1) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40–6–391;
(2) If there was at that time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40–6–391, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40–6–391;
(3) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40–6–391;
(4) If there was at that time 0.12 percent or more of weight of alcohol in the person's blood, the person shall be in violation of paragraph (4) of subsection (a) of Code Section 40–6–391.
O.C.G.A. § 40–6–392(b) (1985).

In this action, Plaintiffs have failed to present the Court with sufficient evidence to prove that Defendant was DUI according to Georgia law on the night of the accident. Counsel for Plaintiffs did not introduce the results of the Breathalyzer test that was administered at Macon City Hall, therefore the Court has no knowledge of Defendant's blood alcohol content on the night of the accident. Defendant was not convicted of DUI in state court.[7] The only evidence presented on the issue of whether Defendant was DUI was the testimony of Ms. Williams and Officer Echols that following the accident Defendant exhibited slurred speech,[8] had red eyes, and smelled of alcohol. This evidence is inconclusive and insufficient to support a finding that Defendant was legally intoxicated on the night of the accident.

In essence, Plaintiffs have failed to present any evidence that would enable this Court to find that Defendant was legally intoxicated under the laws of the state of Georgia on the night of October 2, 1985. Defendant's liability to Plaintiffs is thus dischargeable in bankruptcy.

Plaintiffs request that the costs of this adversary proceeding be taxed against Defendant. Because Plaintiffs did not prevail in the adversary proceeding, they are not entitled to costs.

---

7. Although Defendant had been charged with a DUI violation in a state proceeding, the charges were dismissed. The Court is not aware of the reasons for the dismissal.

8. The Court notes that Defendant also exhibited slurred speech in the courtroom. The Court is of the opinion that Defendant always speaks in a slurred manner due to a throat problem.