In re Matthew SCHMUCKER, Debtor.

**Monica Young, et. al., Plaintiffs,**

**v.**

**Matthew Schmucker, Defendant.**

**Bankruptcy No. 06–11785.**
**Adversary No. 07–1009.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

July 27, 2007.

Adam L. Hand, Michael Story, Robert L. Nicholson, Beckman Lawson, LLP, Fort Wayne, IN, for Plaintiffs.

Wesley N. Steury, Burt, Blee, Dixon, Sutton & Bloom LLP, Fort Wayne, IN, for Defendant.

**DECISION AND ORDER**

ROBERT E. GRANT, Bankruptcy Judge.

Plaintiffs are creditors of the debtor/defendant, Matthew Schmucker. Their claim against him arises out of a tragic accident that took place during the early hours of January 1, 2004. The defendant was traveling alone in a horse and buggy and failed to stop at an intersection. As a result, the horse and buggy collided with the vehicle in which the plaintiff, Monica Young, was riding, leaving her paralyzed from the neck down. At the time of the accident, the debtor, who was only 18, was allegedly intoxicated. He was charged with being a minor in possession of alcohol and the failure stop at a through way.

The debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 6, 2006. By this adversary proceeding, the plaintiffs have asked the court to declare that his obligation to them is non-dischargeable as a debt for "a willful and malicious injury" or as a result of the unlawful "operation of a motor vehicle, vessel, or aircraft [while] intoxicated." 11 U.S.C. §§ 523(a)(6), 523(a)(9). The matter is before the court on the defendant's motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See,* Fed. R. Bankr.P. Rule 7012(b).

A motion to dismiss for the failure to state a claim should not be granted unless it is clear, from the face of the complaint, that there is no set of facts the plaintiff could prove in support of its claim which would entitle it to relief. *Caldwell v. City of Elwood, Ind.,* 959 F.2d 670, 671–72 (7th Cir.1992)(citing *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1991)). Although this is the historical and long-standing formulation for the standard governing dismissal, *see, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80

(1957), the Supreme Court has recently held that its "no set of facts" phraseology is not to be interpreted as broadly as those words might suggest, if not forgotten altogether. *Bell Atlantic Corp. v. Twombly,* — U.S. —, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). While a complaint does not need to contain detailed factual allegations, the allegations it does contain "must be enough to raise a right to relief above the speculative level." *Id.,* — U.S. at —, 127 S.Ct. at 1964–65. In other words, the plaintiff's claim for relief must be "plausible," not merely "conceivable." *Id.,* — U.S. at —, 127 S.Ct. at 1974.

Debts "for willful and malicious injury by the debtor" are made non-dischargeable by § 523(a)(6) of the United States Bankruptcy Code. 11 U.S.C. § 523(a)(6). To be willful the debtor must have intended to cause the plaintiff's injuries—not simply the acts which led to them. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Thus, § 523(a)(6) does not include debts arising out of a debtor's negligent or even reckless behavior. *Geiger,* 523 U.S. at 64, 118 S.Ct. at 978.

To state a claim for relief under § 523(a)(6), the complaint must indicate that the debtor intended to cause the plaintiffs' injuries. Here, that means the debtor must have intended to bring about the collision between his buggy and the vehicle in which Ms. Young was riding; a specific desire to injure her is not required. *See, In re Russell,* 262 B.R. 449, 454–56 (Bankr.N.D.Ind.2001). To do this, the plaintiffs point to the allegation that "Defendant . . . caused his horse and buggy to collide into the side of the vehicle in which Monica Young was traveling," complaint ¶ 7, and argue that, when viewed in

the light most favorable to them, it is possible they "could bring forth facts in support of their claim that would entitle them to relief (i.e. Debtor had the requisite intent)." [1] Response to Motion to Dismiss, p. 3. The court will acknowledge that Plaintiffs' allegations are consistent with the possibility that the debtor acted with the requisite intent, and prior to *Bell Atlantic* that might have been sufficient to withstand a motion to dismiss. But that is no longer so. Now, the allegations in a complaint must plausibly suggest the requirements for liability, not merely be consistent with them. *Bell Atlantic,* — U.S. at —, 127 S.Ct. at 1966. While Plaintiffs' allegations are consistent with the possibility that the defendant acted with the necessary intent, they are also at least equally consistent with the possibility that the defendant was simply inattentive, had fallen asleep, or thought his horse could beat Plaintiffs' vehicle through the intersection. After *Bell Atlantic,* a complaint alleging conduct that is equally susceptible to culpable and non-culpable explanations does not satisfy the requirements of Rule 12(b)(6). Such a complaint "stops short of the line between possibility and plausibility. . . ." *Id.*

It probably is not too surprising that Plaintiffs' complaint fails to state a claim for relief under § 523(a)(6). Creditors often encountered difficulties in using § 523(a)(6) to except claims arising out of drunk driving from discharge. *See e.g., Cassidy v. Minihan,* 794 F.2d 340 (8th Cir.1986); *In re Compos,* 768 F.2d 1155 (10th Cir.1985); *In re Wright,* 66 B.R. 403 (Bankr.S.D.Ind.1986); *In re Gonzales,* 52 B.R. 711 (Bankr.E.D.Wis.1985); *Matter of Hostetler,* 44 B.R. 886 (Bankr.M.D.Fla.

---

1. In its entirety, paragraph 7 of the complaint reads: "Defendant failed to stop as he reached the above referenced intersection and

instead caused his horse and buggy to collide into the side of the vehicle in which Monica Young was traveling (the 'Collision')."

1984), *but see, In re Fielder,* 799 F.2d 656 (11th Cir.1986). This led Congress to adopt § 523(a)(9) in 1984. *See,* S. Report No. 65, 98th Cong, 1st Sess 69 (1983), reprinted in Norton Bankruptcy Code, 2006–07 ed. at p. 655.

 As originally enacted, § 523(a)(9) applied only to the operation of motor vehicles. During the bankruptcy reforms of 2005, however, its scope was expanded to include vessels and aircraft. In its present form, § 523(a)(9) makes non-dischargeable debts "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 523(a)(9). In addition to the threshold requirement of a debt for death or personal injury, nondischargeability under this provision of the Bankruptcy Code has two components. The debt must arise out of the debtor's operation of a motor vehicle, vessel, or aircraft and that operation must have been unlawful because the debtor was intoxicated. The present motion involves an examination of the first of these requirements; the second can be left for another day.

The complaint alleges that Plaintiffs' injuries are the result of a collision involving a horse and buggy operated by the debtor, who was drunk at the time. The argument for dismissal is really quite simple. The statute only applies to motor vehicles, vessels, and aircraft; not to a horse and buggy. In response, Plaintiffs acknowledge that a horse and buggy is not a motor vehicle or an aircraft. They argue, however, that it does fit within a broad definition of the term "vessel" and, as such, would come within the scope of the statute. Relying upon definitions from a variety of dictionaries, they contend that a vessel is "a container or craft used to hold or trans-

port something." Response, p. 5. Their argument for a broad interpretation of the term is buttressed by very selective references to the legislative history, which Plaintiffs read as seeking to expand the exception to all persons injured by drunk drivers, regardless of whether the accident occurred on land, water, or in the air and regardless of whether the debtor was operating a powered or an unpowered craft.

Plaintiffs' container-based definition of the word vessel is incredibly broad. It would easily include not only the defendant's horse and buggy but also coffee cups, flower pots and grocery carts, all of which could cause injury and, quite conceivably, be operated while under the influence. It would also render the surrounding terms—motor vehicle and aircraft—superfluous, for if a vessel is a container or a craft used to hold or transport something, those terms contribute nothing. *See, Geiger,* 523 U.S. at 62, 118 S.Ct. at 977 ("we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.")(quoting *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988)). The argument ignores the proposition that exceptions to discharge are narrowly construed, *Matter of Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985), as well as the principle that the words of a statute are read, not in isolation, but in the context in which they appear. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997). Given that the word "vessel" is preceded by "motor vehicle" and followed by "aircraft," it is quite obvious that vessel refers to boats and the like—thereby nicely completing the triad of land, sea, and air—and that it is not being used in the sense of the

broad catchall produced by Plaintiffs' definition.

Despite the foregoing observations, the court does not need to resort to different principles of statutory construction in order to determine the meaning of the word vessel. Congress has defined it for us. Although the word is not defined in the Bankruptcy Code, another portion of the United States Code does define it. The Dictionary Act of the United States Code, 1 U.S.C. §§ 1–6, provides rules of construction and general definitions for a number of terms that, in the absence of a more specific indication of how to define or use the term in the statute being analyzed, apply to the entire code. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 689 n. 53, 98 S.Ct. 2018, 2035 n. 53, 56 L.Ed.2d 611 (1978). Included in that act is a definition of the word "vessel." " '[V]essel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. In light of this definition, the word "vessel" in § 523(a)(9) can only mean some form of watercraft or waterborne transportation, especially since that meaning fits perfectly into the context of the statute. *See, Rowland v. California Men's Colony*, 506 U.S. 194, 200, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("Where a court needs help is in the awkward case where Congress provides no particular definition, but the definition in 1 U.S.C. § 1 seems not to fit."). As used in § 523(a)(9), a vessel is not a container and it does not include a horse and buggy.

Plaintiffs' complaint fails to state a claim for relief under either § 523(a)(6) or § 523(a)(9) of the United States Bankruptcy Code. The debtor's motion is granted and the complaint is dismissed. Any amended complaint shall be filed within ten (10) days of this date. *See, Polich v.*

*Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). *See also, Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (2004). The failure to do so will result in the dismissal of this adversary proceeding without further notice.

SO ORDERED.