**In re Cynthia Merle LEWIS, Debtor.**

**Charles GRAY and Jane Gray, Plaintiffs,**

**v.**

**Cynthia Merle LEWIS, Defendant.**

**Bankruptcy No. 86–02154–BKC–SMW. Adv. No. 86–01712–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Jan. 29, 1987.

Scott P. Schlesinger, Ft. Lauderdale, Fla., for plaintiffs.

Alvin Capp, Ft. Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on December 17, 1986 upon the creditors/plaintiffs, Charles and Jane Gray's (the "creditors") complaint to Determine Dischargeability of a Debt owed by the debtor/defendant, Cynthia Merle Lewis (the "debtor") pursuant to 28 U.S.C. §§ 157(b) and 1334 and 11 U.S.C. § 523(a)(9) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Facts and Conclusions of Law.

The debtor filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on July 21, 1986. Upon the filing of her bankruptcy petition, the debtor listed a $3,500,000.00 judgment entered in a Broward County Circuit Court (case no: 84–14855CA) in favor of the creditors. The Broward judgment resulted from an automobile negligence case brought by the creditors against the debtor. The debtor admitted liability in the Broward state court case, therefore, the jury only considered the issue of damages. The creditors were each awarded $1,750,-000.00 in damages.

The creditors's attorney appeared at the debtor's discharge hearing on November 19, 1986 and objected to the debtor's discharge from the Broward judgment pursuant to 11 U.S.C. § 523(a)(9) which excepts from discharge any judgment wherein liability is "incurred by the debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws ... of any jurisdiction within the United States ... wherein such motor vehicle was operated and within which such liability was incurred...." The debtor denies she was intoxicated at the time of the automobile accident, but admits she was the operator of the motor vehicle that was liable for the collision with the creditors. Therefore, the only issue this Court needs to determine is whether the debtor was legally intoxicated under the laws of the State of Florida when she incurred the liability of the automobile accident with the creditors. 11 U.S.C. § 523(a)(9).

Based upon the hospital records admitted into evidence and the testimony presented, the Court finds the following occurred.

On April 4, 1984, the debtor collided her vehicle, headon, with the creditors' vehicle seriously injuring the occupants of both automobiles. The debtor was admitted to Margate General Hospital at 12:25 a.m. on April 5, 1984. The debtor's injuries were so severe that she was unable to provide the Margate Hospital staff with her name and some of the initial paperwork called her "Jane Doe." However, the debtor was also assigned two identification numbers: an emergency room number and a records number. One of these numbers is found on every Margate Hospital record concerning the debtor.

Soon after arriving at the emergency room, the admitting physician ordered, among numerous other things, that blood be drawn from the debtor for a toxic substance test. The blood was drawn at approximately 12:45 a.m. on April 5, 1984 and sent to the Metpath lab for testing the same day. The debtor was identified as "Jane Doe" on the test request form and on the toxicology phone report form. However, the debtor's emergency room number, which matches the debtor's number on Margate Hospital's records, was also on the request form. Additionally, on the final toxicology report, Cynthia Lewis' name was later added to the report to reflect the true name of the "Jane Doe." From these facts there can be no doubt that the blood drawn from the debtor for toxic substance testing was the same blood that formulated the blood technician's conclusions found in the final toxicology report.

The Metpath toxicology report reflects that the debtor's blood alcohol level was 0.181 percent. In the State of Florida, a person is illegally under the influence of alcoholic beverages while driving a motor vehicle when the person's blood alcohol level is 0.10 percent or higher. *FLA.STAT.* § 316.193(1)(b)(1985). The debtor's blood alcohol level was higher than the statutory maximum allowed to legally drive an automobile while intoxicated in the State of Florida.

The debtor raises as an affirmative defense the fact that the circuit court jury did not find the debtor legally intoxicated, therefore the issue is res judicata. There is no merit to this defense since the question of intoxication is not being explored in this adversary proceeding to determine the liability of the debtor, but solely for the purpose of determining whether the Broward judgment is a dischargeable debt under 11 U.S.C. § 523(a)(9). Therefore, the issue of intoxication may be litigated in the

**602**

bankruptcy court and is not barred by the doctrine of res judicata.

Based on the foregoing, the court finds that the Broward judgment is not a dischargeable debt under 11 U.S.C. § 523(a)(9) because it is a judgment entered in a court of record "against the debtor wherein liability was incurred by the debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws of a jurisdiction within the United States ... wherein such motor vehicle was operated and within which such liability was incurred....."