In re William M. LEWIS, Debtor.

Charles and Jane GRAY, Plaintiffs,

v.

William M. LEWIS, Defendant.

Bankruptcy No. 86–03072–BKC–AJC.
Adv. No. 87–0009–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 1, 1987.

Alvin Capp, Fort Lauderdale, Fla., for defendant.

Sheldon J. Schlesinger, Fort Lauderdale, Fla., for plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on June 24, 1987 upon the Complaint of Charles and Jane Gray (the "plaintiffs") to Determine the Dischargeability of a state court judgment pursuant to 11 U.S.C. § 523(a)(9) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witness, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

William M. Lewis (the "debtor") filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code and listed a $3,500,000.00 state court judgment entered against him in favor of the plaintiffs in an automobile negligence case. The state court litigation involved the debtor's liability as the owner of a motor vehicle, driven by his daughter while legally intoxicated, which was involved in a serious automobile accident. The daughter is also a bankruptcy debtor (case no. 86–02154–BKC–SMW) and a state court judgment against her arising from the accident was excepted from discharge pursuant to 11 U.S.C. § 523(a)(9). *See Gray v. Lewis (In re Cynthia Merle Lewis*, 69 B.R. 600 (Bankr.S.D.Fla.1987). The plaintiffs argue that the debtor's state court judgment should also be excepted from discharge pursuant to 11 U.S.C. § 523(a)(9) because in the State of Florida the vehicle's operation is imputed to the owner.

11 U.S.C. § 523(a)(9) states that a debtor may not be discharged from any debt where the

"debt arises from a judgment entered in a court of record against the debtor wherein liability was incurred ... as a result of the debtor's operation of a mo-

tor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States ... wherein such motor vehicle was operated and within which such liability was incurred."

The facts of this case do not fall within the language of 11 U.S.C. § 523(a)(9). The debt was not incurred by the debtor as a result of the debtor's operation of a motor vehicle. The debtor's daughter was the driver and his only involvement was that he owned the automobile she was driving at the time of the accident.

■ The plaintiffs would have the Court, for equitable and public policy reasons, apply the vicarious liability and dangerous instrumentality doctrines as interpreted by the Florida courts. However, by specifically including the words "the debtor's operation of a motor vehicle ..." the Code has precluded application of Florida's vicarious liability rule. *See Yelton v. Eggers (In re Eggers)* 51 B.R. 452, 453 (Bankr.E.D.Tenn. 1985). Additionally, the only time a bankruptcy court must apply state law under 11 U.S.C. § 523(a)(9) is when determining what constitutes legal intoxication.

Although the plaintiffs' argument for application of the vicarious liability theory may have some social merit, 11 U.S.C. § 523(a)(9)'s language affords no flexibility or ambiguity within which the Court could give the statute such an interpretation. If the vicarious liability theory were to be applied there is no telling at what point a debtor even remotely implicated in an automobile accident where alcohol was ingested by a driver could have his debt discharged. Such a result would be contrary to the policies behind bankruptcy, including the concept of a "fresh start". The Court is bound by the statutory language and any inequities to the plaintiffs that result from this decision should be addressed to Congress for future revisions in the Code to prevent other debts, such as this, from being discharged.

In summary, the Court finds that since the debtor was not the operator of the motor vehicle, but was only connected with the vehicle in question by his ownership of same, the plaintiff's state court judgment against the debtor is not eligible for an exception from discharge under 11 U.S.C. § 523(a)(9).

A separate Final Judgment of even date has been entered in conformity herewith.