In the Matter of Van Jerry **BRUNSON** (Chapter 7 Case 687–00099), Debtor.

Sadie **HARRISON**, Plaintiff,

v.

Van Jerry **BRUNSON**, Defendant.

Adv. No. 687–0032.

United States Bankruptcy Court, S.D. Georgia, Statesboro Division.

Jan. 4, 1988.

Lorenzo Merritt, Statesboro, Ga., for plaintiff.

Ronald E. Nelson, Statesboro, Ga., for defendant.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

On September 11, 1987, the above-captioned case was tried to determine, pursuant to 11 U.S.C. Section 523(a)(9), the dischargeability of the Plaintiff's $8,373.00 claim against the Defendant. Trial was further held to determine whether the Defendant/Debtor's petition constitutes an abuse of the Bankruptcy Code. After hearing the evidence, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1) The Plaintiff, Sadie Harrison, is the owner of a 1978 Chevette automobile. The Plaintiff's daughter, Henrietta Abrams ("Peaches"), had permission to drive the car. On October 19, 1984, Peaches drove the car to the home of Terry Brunson, the Defendant's brother. Peaches parked the car in front of the trailer and she and a friend Monica went inside to play cards. Van Jerry Brunson, the Defendant, arrived at the trailer at some time after 5:00 o'clock p.m. that evening.

2) Testimony as to what transpired after Van Jerry Brunson's arrival at his brother's trailer is conflicting. As finder of fact, I have resolved the conflicting testimony and have determined that Van Jerry Brunson: (a) Drank a minimum of two to three cans of beer and smoked either part or all of a "joint", shortly after his arrival at the trailer; (b) borrowed without Peaches permission the 1978 Chevette automobile; (c) totalled the 1978 Chevette automobile and left the scene of the accident; (d) returned to the trailer sweating and smelling of alcohol.

The testimony given by Peaches and Monica Oglesby that Van Jerry Brunson had been drinking beer, smoking a "joint", that he was jittery, and that his eyes were red and glossy is persuasive to this finder of fact. No one, however, actually observed the manner in which Van Jerry Brunson drove the 1978 Chevette on October 19, 1984, or whether he was a less safe driver because of his drinking beer and smoking a "joint".

3) Notwithstanding the alleged fact that the police officer investigating the accident found a can of beer and a half "joint" in the car, no driving under the influence charges were brought against Van Jerry Brunson.

4) A default judgment was entered on June 10, 1985, in favor of Sadie Harrison and against Van Jerry Brunson in the sum of $8,373.00. This judgment included $6,280.00 in damages and $2,093.00 in attorney's fees. Sadie Harrison testified that she had no knowledge regarding the Defendant's physical condition on the date of the wreck. No evidence was introduced as to the allegations or evidence upon which a judgment was granted.

5) Van Jerry Brunson subsequently filed a chapter 7 petition in this Court on April 6, 1987. The schedules were correct at the time they were filed. There have been, however, some changes in the Debtor's lifestyle since filing the petition.

### CONCLUSIONS OF LAW

■ A debt shall be excepted from discharge under Section 523(a)(9):

"(a) A discharge ... does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;"

In order to prevail under Code Section 523(a)(9), therefore, the moving party must prove: (1) That the debt arose from a judgment or consent decree entered in a court of record; and (2) that liability was incurred by the debtor as a result of his operation of a motor vehicle, while legally intoxicated.

On June 10, 1985, a default judgment was entered in the State Court of Bulloch County against the Debtor for the sum of $6,280.00 in damages and $2,093.00 in attorney's fees. Liability was incurred by the Debtor as a result of his operation of Sadie Harrison's 1978 Chevette automobile on October 19, 1984. The only issue before this Court is whether the Debtor was legally intoxicated while driving the Plaintiff's car.

In determining whether the Debtor was legally intoxicated on October 19, 1984, while driving the Plaintiff's automobile it is necessary to look to the laws of the jurisdiction of wherein the motor vehicle was operated when such liability was incurred. Code Section 523(a)(9). Georgia Law provides under O.C.G.A. Section 40–6–391 that:

"(a) A person shall not drive or be in actual physical control of any moving vehicle while:

(1) Under the influence of alcohol;

(2) Under the influence of any drug to a degree which renders him incapable of driving safely;

(3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; or

(4) There is 0.12 percent or more by weight of alcohol in his blood."

The Georgia Courts have construed this section as establishing only one crime, driving under the influence. Subsections A(1), A(2), A(3), and A(4) merely set out different methods of proving that crime. *Kuptz v. State*, 179 Ga.App. 150, 345 S.E.2d 670 (1986); *Sanders v. State*, 176 Ga.App. 869, 338 S.E.2d 5 (1985).

Under Georgia law, "it is not necessary that the defendant be so under the influence as to be incapable of driving. It is necessary only that he be under the influence to a degree which renders him *less safe or incapable of driving safely."* *Howell v. State*, 179 Ga.App. 632, at 634, 347 S.E.2d 358 (1986); *Peters v. State*, 175 Ga.App. 463, 333 S.E.2d 436 (1985). (Emphasis added). The policy decision behind the Georgia courts' adoption of the "less safe or incapable" standard are set forth in *Cook v. State*, 220 Ga. 463, 139 S.E.2d 383 (1964). The Court recognized the "seriousness of the results of a conviction of driving under the influence of an intoxicant ...[1] But they may be avoided merely by refraining from drinking an intoxicant prior to operating a vehicle. Frequently the innocent victims of intoxicated drivers cannot avoid the collisions which cause them to lose their lives or suffer injuries to their persons and properties." *Id.* at 446, 139 S.E.2d 383. Since 1964 social consciousness and the public outcry against driving under the influence has galvanized to such an extent that it has mobilized people from every walk of life within our society to raise their voices in opposition to the senseless injuries and loss of lives which driving under the influence causes.

Legal intoxication may be shown by sufficient circumstantial evidence. *Farmer v. State*, 180 Ga.App. 720, 350 S.E.2d 583 (1986) (Defendant's physical appearance as shown by photograph is some evidence of the influence of alcohol on the defendant); *Collins v. State*, 177 Ga.App. 758, 341 S.E. 2d 288 (1986) (The defendant was doing 85 miles per hour on a 55 mile per hour zone, smelled strongly of alcohol and was glassy eyed).

█ The burden of proving that the Defendant was legally intoxicated is on the Plaintiff. *Jeanine Williams, a/k/a Jeanine Williams Nesbit and Criterion Insurance Co., v. Gregory Charles Hart*, 83 B.R. 840 (Bankr.M.D.Ga.1987). In this case the

---

1. "... loss of driving privileges and consequent loss of means of livelihood to numbers of people who must operate an automobile in order to retain their jobs, and the difficulty in obtaining needed insurance protection." *Id.* at 466, 139 S.E.2d 383.

Plaintiff has introduced evidence which shows that the Defendant drank two or three beers, smoked part or all of a "joint", had red and glassy eyes, totalled the car, and returned to the trailer sweating and smelling of alcohol. No chemical analysis of the Defendant's blood, urine, breath or other bodily substance was performed. Henrietta Abrams and Monica Oglesby, however, testified that Van Jerry Brunson was drunk. They based their opinion on their observations of Van Jerry Brunson's behavior before and after the accident. Their testimony is satisfactorily grounded in their observations of the Defendant. *Lawrence v. State,* 157 Ga.App. 264, 277 S.E.2d 60 (1981).

No evidence was introduced as to whether the Defendant was speeding, swerving or otherwise driving in a less safe manner. No evidence was introduced as to what actually caused the wreck. Notwithstanding the Plaintiff's lack of direct evidence, "circumstantial evidence may be sufficient to authorize a finding that the defendant accused of driving a motor vehicle under the influence of intoxicants was guilty of the offense although no witness testified positively to having seen him operating the vehicle." *Id.* at 264, 277 S.E.2d 60. Here, witnesses can testify that the defendant was drunk before and after an accident, that he drank two to three beers, smoked part or all of a "joint", was talking loud, pacing, and had red and glassy eyes. It is sufficient circumstantial evidence from which I can reasonably conclude that Van Jerry Brunson was legally intoxicated within the contemplation of O.C.G.A. Section 40–6–391. *Fuller v. State,* 166 Ga.App. 734, 305 S.E.2d 463 (1983). As such, I hold that the $8,373.00 debt owed by the Defendant to the Plaintiff is nondischargeable.

 I further hold that the Defendant's filing of his petition was not an abuse of the Bankruptcy Code. I so hold because no evidence was introduced to show that the Debtor's schedules were incorrect at the time of filing.

ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the $8,373.00 debt owed by the Defendant to the Plaintiff is excepted from any discharge granted to the Debtor.