Gary L. WHITSON, Jr.; Gary L. Whitson, Sr., Plaintiffs–Appellees,

v.

Frank Jeffrey MIDDLETON, Defendant–Appellant.

No. 89–2687.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1989.

Decided Jan. 29, 1990.

Carolyn Camardo (Frank J. Santoro, Marcus, Santoro & Kozak, on brief) for defendant-appellant.

Bruce A. Wilcox (Ghent Law Office, on brief) for plaintiffs-appellees.

Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

Frank J. Middleton appeals from the decision of the district court affirming a ruling by the bankruptcy court that a judgment debt owed by Middleton to Gary L. Whitson, Jr., and Gary L. Whitson, Sr. (the Whitsons) was non-dischargeable under 11 U.S.C. § 523(a) because Middleton's liability arose from his operation of a motor vehicle while intoxicated. We affirm.

I.

In December 1985, an automobile driven by Middleton near Portsmouth, Virginia, struck a motorcycle being driven by Gary Whitson, Jr. Middleton was charged with reckless driving and subsequently convicted of that charge. In December 1986, the Whitsons sued Middleton for damages arising from the accident.[1] A default judgment was entered against Middleton and the Whitsons were awarded a total of $733,270 in damages. After Middleton filed a petition for relief under Chapter 7 of the Bankruptcy Code in December 1987, the Whitsons filed a complaint in the bankruptcy court requesting that the debt of

---

1. Gary Whitson, who was under the age of eighteen at the time of the accident, suffered various injuries, including the loss of his right leg. His father paid for the subsequent medical treatment of his son.

Middleton to them be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(9). The bankruptcy court conducted a trial on the complaint and ruled that the judgment owed to the Whitsons was excepted from discharge under § 523(a)(9). 100 B.R. 814. It was this ruling that was affirmed by the district court.

## II.

The bankruptcy provision at issue, § 523(a)(9), states as follows:

A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this Title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred....

■ Middleton first argues that the proper standard of proof in establishing non-dischargeability of a debt under this section is greater than the preponderance of evidence standard applied by the bankruptcy court. However, in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), we stated that, since the Bankruptcy Code is silent as to the standard of proof in regard to § 523, we would not imply a higher standard than the normal civil preponderance standard. *Id.* at 116. Although *Combs* dealt with an action under another subsection of § 523, specifically § 523(a)(6), there is no reason to distinguish the conclusion reached in that case. The bankruptcy court was correct in utilizing a preponderance of evidence standard in considering whether the debt in question was non-dischargeable pursuant to § 523(a)(9).

## III.

Middleton next argues that there was insufficient evidence on which the bankruptcy court could base its finding that he was legally intoxicated at the time of the accident. In support of this position, Middleton proffers the fact that no blood alcohol or breath test was conducted at the time of the accident, nor was he ever charged with anything more than reckless driving.

■ In determining legal intoxication for purposes of § 523(a)(9), a court must apply state law. *In re Lewis*, 77 B.R. 972 (S.D.Fla.1987). Under Virginia law "[a]ny person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated." Va.Code § 4–2. Additionally, Virginia has codified as criminal offenses four infractions for driving under the influence which make reference to blood alcohol levels. *See* Va.Code § 18.2–266. The standard for evaluating intoxication as set forth in § 4–2 is not negated by references to blood alcohol levels in § 18.2–266. Breath analysis or blood test results may constitute some proof of intoxication and further substantiate other objective symptoms. *Brooks v. City of Newport News*, 224 Va. 311, 295 S.E.2d 801 (1982). However, intoxication is to be determined from all relevant evidence; evidence of blood alcohol content is only one method of proof.

The bankruptcy court carefully considered all of the evidence presented to it and the credibility of the witnesses in reaching its determination of legal intoxication. The arresting officer testified that Middleton's unsteadiness; bloodshot and glassy eyes; disheveled clothes; slow, slurred speech; and the strong odor of alcohol on his person led to the conclusion contained in the officer's written report that Middleton was "drinking—obviously drunk." Middleton contended that at the time of impact his head struck the windshield of his car and that it was this injury which accounted for the behavior observed by the officer. Although there was no

explanation in the record of why Middleton was not charged with driving while intoxicated,[2] the bankruptcy court did not find this failure particularly significant and concluded that, based on the preponderance of the evidence, under Virginia law, Middleton was intoxicated at the time of the accident. We can find no basis to question the determination of intoxication made by the bankruptcy court. There was sufficient evidence presented on which to base such a finding.

### IV.

 Middleton finally contends that the bankruptcy court erred in finding the debt non-dischargeable because there was no finding in the suit on which the original judgment was based that alcoholic consumption caused the accident. In that suit, the Whitsons had alleged negligent operation of a motor vehicle on the part of Middleton. The bankruptcy court has correctly stated the required elements of proof under § 523(a)(9) as (1) that the debt arose from a judgment or decree entered in a court of record as a result of the debtor's operation of a motor vehicle; and (2) that the debtor operated the motor vehicle while legally intoxicated under the laws of the state in which the motor vehicle was operated. We are in agreement with the reasoning of those courts which have found it sufficient to determine, first, that liability was incurred as a result of the debtor's operation of an automobile, and, second, that the debtor was legally intoxicated while driving. *See, e.g., In re Brunson*, 82 B.R. 634 (S.D. Ga.1988); *In re Keating*, 80 B.R. 115 (E.D. Wis.1987); *In re Pahule*, 78 B.R. 210 (E.D. Wis.1987), *aff'd*, 849 F.2d 1056 (7th Cir.1988). Section 523(a)(9) does not require a legal determination by a state court that liability resulted from use of a motor vehicle while intoxicated. The bankruptcy court concluded that Middleton was legally intoxicated under the laws of Virginia when the accident occurred and that Middleton's liability resulted from the oper-

ation of a motor vehicle while in this condition. Having made these determinations, the bankruptcy court did not err in finding the debt owed by Middleton to be non-dischargeable under § 523(a)(9). This ruling was properly affirmed by the district court.

AFFIRMED.

---

**2.** The police officer at the accident scene testified that Middleton initially declined medical treatment, but later, when the officer prepared to administer a breathalyzer test, Middleton asked to be taken to a hospital. No blood alcohol or breath tests were subsequently administered.