**In re Wendy Michelle SPENCER, Debtor.**

**Lyndel R. ROBERTS, Plaintiff,**

v.

**Wendy Michelle SPENCER, Defendant.**

**Bankruptcy No. 593–50765–7.**
**Adv. No. 594–5007.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

May 27, 1994 [1].

---

**1.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R.BANKR.P. 7052. This Memorandum will be published.

Leonard R. (Bud) Grossman, Carr, Fouts, Hunt, Craig, Terrill & Wolfe, L.L.P., Lubbock, TX, for Roberts.

Jack Clinton Looney, Lubbock, TX, for debtor.

## MEMORANDUM OF OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

JOHN C. AKARD, Bankruptcy Judge.

Lyndel R. Roberts seeks to have her claim against Wendy Michelle Spencer (Debtor) declared nondischargeable pursuant to § 523(a)(9) of the Bankruptcy Code [2] asserting that the claim resulted from Debtor operating her motor vehicle while under the influence of alcohol or drugs. The court finds that the Debtor's liability was discharged.

### FACTS [3]

At approximately 9:00 p.m. on August 25, 1992, Roberts was stopped for a traffic light on a public street in Lubbock, Texas. A vehicle driven by the Debtor struck her vehicle from the rear. Roberts' insurance carrier, Commercial Union Insurance Company, paid her $19,000.00 for bodily injury, $7,876.45 (net after salvage) for the total loss of her vehicle, and $175.91 for rent on a temporary vehicle. By subrogation, Commercial Union now seeks to recover the total sum of $27,052.36 from the Debtor.

Roberts filed suit against the Debtor in state court in Lubbock, Texas. Before the suit was tried, however, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Roberts then filed this Adversary Proceeding requesting that the claim be declared nondischargeable pursuant to § 523(a)(9). Roberts further requested that the court render judgment in her favor for $27,052.36 or, in the alternative, that Roberts be allowed to proceed to judgment in the action pending in the state court. The Debtor denies that she was operating her vehicle under the influence of alcohol or drugs. The Debtor received her discharge on April 25, 1994, subject to Roberts' pending complaint.

### JURISDICTION

The court must first determine if it has jurisdiction to hear this matter. In the Pre–Trial Order, the parties stipulated that this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. They note that this is a complaint to determine the dischargeability of a debt under § 523 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

A discharge under § 727 of the Bankruptcy Code does not discharge a debtor from a debt "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or other substance." § 523(a)(9).

Jurisdiction of bankruptcy cases and proceedings is vested in the United States District Court. 28 U.S.C. § 1334. The district court may provide that any or all cases under the Bankruptcy Code shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). All bankruptcy cases in the Northern District of Texas were referred to the bankruptcy judges by Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984.

Bankruptcy judges may hear and determine core proceedings. 28 U.S.C. § 157(b)(1). A non-exclusive list of core proceedings is contained in 28 U.S.C. § 157(b)(2), which includes the following:

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;*

---

**2.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

**3.** The court adopts the stipulations and admissions of facts contained in the Pre–Trial Order entered May 4, 1994. The court will state only such facts as are necessary to a decision in this matter.

. . . .

(I) determinations as to the dischargeability of particular debts;

. . . .

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, *except personal injury tort or wrongful death claims.*

(Emphasis added.)

■ It is clear from (I) that bankruptcy courts are to hear and determine the dischargeability of particular debts. It is equally clear from (B) and (O) that bankruptcy courts are not to determine personal injury tort or wrongful death claims. In this case the court is called upon to determine the dischargeability of a personal injury tort claim. In view of (B) and (O), the court questions whether it has jurisdiction to hear this matter. The parties agreed that this court has jurisdiction, but jurisdiction cannot be conferred by agreement. *In re City Wide Press, Inc.*, 107 B.R. 68 (Bankr.E.D.Pa.1989).

In most reported cases dealing with § 523(a)(9), the plaintiff had already secured a judgment and sought to have the judgment determined nondischargeable. In this case, liability is as yet undetermined in the state court.

■ A reasonable solution to this dilemma is suggested by *Stackhouse v. Hudson (In re Hudson )*, 859 F.2d 1418 (9th Cir.1988). In *Hudson,* the bankruptcy court determined "that any judgment debt that might be entered in a pending suit for damages arising from drunk driving would be dischargeable." *Id.* at 1419. The Ninth Circuit affirmed, holding that a prepetition judgment was not required for the bankruptcy court to make that determination.[4] *Id.* This approach pre-

serves to the bankruptcy court the determination of dischargeability under the Bankruptcy Code, which is within the particular province and expertise of that court. It also preserves to the other forum the determination of personal injury or tort damages, which are within the expertise of that forum. The plaintiff is free to proceed in the other forum against the debtor to the extent of any insurance coverage and to proceed against any other potentially liable parties. For these reasons, this court limits its determination to the dischargeability of the debt and makes no attempt to assess damages or grant a judgment on the liability issues.

## DISCHARGEABILITY

■ The claim which Roberts seeks to have declared nondischargeable is composed of personal injuries, damage to her motor vehicle and vehicle rental expenses incurred as a result of the accident. As noted above, § 523(a)(9) declares nondischargeable debts for "death or personal injury." Consequently, the portion of Roberts' claim relating to damage to her vehicle and rental of a replacement vehicle were discharged.

With respect to the personal injuries, Roberts asserts that the Debtor was operating her motor vehicle unlawfully because the Debtor was intoxicated from using alcohol and/or drugs. In order to be "unlawful," the Debtor's operation of the vehicle must have been in violation of Texas law. At the time of this accident, Texas law defined "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1992).[5]

---

4. The principal issue in *Hudson* turned on a prior version of § 523(a)(9) which seemed to require that a judgment be secured before the bankruptcy was filed.

5. Article 6701*l*–1(a)(2)(A), Revised Statutes was amended by Acts 1993, 73rd Leg., ch. 662, § 5

eff. September 1, 1993, to include "a substance or its vapors that contain a volatile chemical, an abusable glue, or an aerosol paint." (Vernon Supp.1994).

■ The evidence revealed that the Debtor regularly takes tranquilizing drugs. Shortly before 1:00 p.m. on the date of the accident, the Debtor received an injection of two tranquilizing drugs from a doctor. Her mother took her home, where she rested. The medical evidence introduced indicated that the effects of those drugs wear off from four to six hours after they are administered. The accident occurred at 9:00 p.m., which was at least eight hours after the Debtor received the drugs. Roberts argued that the combination of the two drugs resulted in a more lasting effect; however, no evidence was offered in support of that argument.

The investigating police officer ticketed the Debtor for failure to control speed. His report indicated that in his opinion, the Debtor had been drinking, but he did not cite her for driving while intoxicated. Roberts spoke to the Debtor immediately after the accident, but her testimony did not mention noticing any alcohol on the Debtor's breath. The Debtor went by ambulance from the scene of the accident to Methodist Hospital. The report of medical activities undertaken at that time states, "The alcohol level is not detectable."

One witness testified that he observed the Debtor's vehicle veering erratically just prior to the accident. The Debtor's two small children were in the back seat of the car at the time of the accident. She testified that one of them had released his seat belt and was hiding from her behind the seat. She was attempting to get the child back into a seat belt while driving the vehicle. The court finds this explanation of the erratic driving reasonable and credible.

■ In determining legal intoxication for purposes of § 523(a)(9), the court must apply state law. *Whitson v. Middleton*, 898 F.2d 950, 952 (4th Cir.1990). The court is not limited to a determination of the blood alcohol concentration, but may look to other factors to determine intoxication. *Id.* at 952–53. The plaintiff must establish the nondischargeability of the debt by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The court finds that Roberts did not prove by a preponderance of the evidence that the

debtor was intoxicated as defined in article 6701*l*–1(A) of the Texas statutes as they existed at the time of this accident.

## CONCLUSION

The court concludes that Roberts did not prove by a preponderance of the evidence that her claim against the Debtor arising out of this automobile accident should be declared nondischargeable under § 523(a)(9). Consequently, Roberts' claim (and, thus, any judgment hereafter obtained by Roberts in state court) was discharged by the Debtor's discharge in this bankruptcy proceeding. The court will lift the automatic stay to allow Roberts to continue the state court proceeding with the restriction that any judgment be limited to any available insurance, and a judgment against any additional defendants.

JUDGMENT ACCORDINGLY.