In re the Matter of Timothy
A. WIGGINS, Debtor.

Timothy A. WIGGINS, Appellant,

v.

Joe Mack HARPER, Appellee.

No. CV–95–A–222–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 13, 1995.

Richard David Shinbaum, Shinbaum & Howell, Montgomery, AL, for Timothy A. Wiggins.

James R. Bowles, Bowles & Cottle, Tallassee, AL, for Joe M. Harper.

Tom McGregor, Trustee, Crumpton, McGregor, Davis & Alley, Montgomery, AL.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is before the court on appeal from the final judgment entered by the United States Bankruptcy Court for the Middle District of Alabama on December 14, 1994, in favor of Joe M. Harper. The court has jurisdiction pursuant to 28 U.S.C. § 158.[1] After independently reviewing the record, the briefs, and the documents submitted by the parties, this court finds that the decision of the bankruptcy court is due to be affirmed in part and remanded for further factual findings.

### STANDARD OF REVIEW

A district court reviews the bankruptcy court's factual findings under the limited and deferential clearly erroneous standard. *In re Club Associates*, 951 F.2d 1223, 1228 (11th Cir.1992); *see also Fed.R.Bankr.P.* 8013[2];

---

1. Jurisdiction lies pursuant to 28 U.S.C. § 158, which provides that the district courts of the United States "shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges." 28 U.S.C. § 158.

2. *Fed.R.Bankr.P.* 8013 provides as follows:
On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard

*In re Fielder,* 799 F.2d 656, 657 (11th Cir. 1986); *In re Sublett,* 895 F.2d 1381, 1383 (11th Cir.1990); *In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991); *In re Thomas,* 883 F.2d 991, 994 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990) (the standard of review utilized by the court of appeals is the same as that utilized by the district court—factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citation and internal quotation marks omitted).

In contrast, a reviewing district court is not bound by the bankruptcy court's conclusions of law. *In re Fielder,* 799 F.2d at 657. A district court may examine the applicable principles of law to determine whether they were properly applied and whether they support the findings of the bankruptcy court. *Id.; see also In re Empire for Him, Inc.,* 1 F.3d 1156, 1159 (11th Cir.1993).

### STATEMENT OF FACTS

On April 26, 1991, Harper and Wiggins were involved in an automobile accident on a highway in Elmore County, Alabama. Around 9:20 p.m. that evening, Wiggins was driving in a northerly direction on Alabama Highway 229. Wiggins swerved off the right side of the road, then into the left lane, and collided with Harper's oncoming vehicle.[3] To avoid the collision, Harper veered to the right. Harper's automobile traveled twenty feet down the side embankment. The impact totalled Harper's vehicle. Harper also sustained extensive personal injuries.[4]

Immediately prior to the accident, Wiggins had been drinking alcoholic beverages. A state trooper arrived at the scene to investigate approximately thirty minutes after the collision occurred. The trooper arrested Wiggins for public intoxication. The trooper transported Wiggins to jail, where he was incarcerated until the following day. The trooper did not administer any chemical or blood test.[5] Wiggins was never charged with public intoxication[6] or driving under the influence of alcohol.[7] However, the trooper testified that in his opinion, based upon his visual demeanor and Wiggins' odor, Wiggins was intoxicated and under the influence of alcohol.

On August 15, 1991, Harper obtained a default judgment against Wiggins in the Circuit Court of Elmore County, Alabama in the amount of $12,600.00. The default judgment stated that the plaintiff was caused to suffer the injuries and damages as a direct and proximate consequence of the wanton misconduct of the defendant occurring on or about April 26, 1991. The judgment compensated Harper for both property damage and physical injury.

On April 15, 1994, Wiggins filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama. He listed Harper as a creditor based on the default judgment. On August

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

3. The bankruptcy court noted that the reason for Wiggins' swerving is unknown. Neither party offered any evidence on that point.

4. The parties stipulated as follows:

[T]he plaintiff sustained a cut to his left ear and cuts to his left arm requiring over 40 stitches; he sustained cuts, abrasions, and bruises over his entire head and body; he incurred expense for doctors, hospital, and drugs in an attempt to cure himself of his injuries; he was caused to lose time from his employment; he was caused great physical pain and mental anguish; and his automobile was completely destroyed.

5. The trooper stated that he did not conduct any chemical tests because it was not police practice to administer such tests in support of an arrest for public intoxication.

6. The trooper did not obtain a warrant for Wiggins' arrest for public intoxication. The record reveals that the trooper did not know why a warrant was not issued, but speculated that the omission was due to oversight.

7. The trooper did not arrest Wiggins for driving under the influence because he did not have a witness to support the charge.

16, 1994, the bankruptcy court entered an Order of Discharge.

Harper filed a complaint with the bankruptcy court to determine whether the judgment was dischargeable under 11 U.S.C. § 523(a)(9). On December 13, 1994, this cause was tried before the United States Bankruptcy Court for the Middle District of Alabama. On December 14, 1994, the bankruptcy court entered judgment partially in favor of Harper, ruling that the indebtedness owed to Harper for personal injury, included as a component of the state court judgment, was excepted from discharge under 11 U.S.C. § 523(a)(9).[8] On December 29, 1994, Wiggins filed Notice of Appeal. On February 16, 1995, the record of appeal was transmitted from the bankruptcy court to this court.

### DISCUSSION

Wiggins argues the following issues on appeal: 1) whether the bankruptcy court had sufficient evidence on which to base its conclusion that Wiggins was intoxicated at the time of the accident and the debt was nondischargeable under § 523(a)(9); 2) whether the bankruptcy court erred in finding that Wiggins was unlawfully intoxicated from the use of alcohol at the time of the accident; and 3) whether the bankruptcy judge erred in concluding that the debt was nondischargeable under § 523(a)(9). Wiggins contends that the order of the bankruptcy court holds the entire judgment to be nondischargeable, including property damage. Harper contends, on the other hand, that both personal injury and property damage should be included in the indebtedness which is exempt from discharge.

### INTOXICATION

The bankruptcy section at issue, 11 U.S.C. § 523(a)(9), provides in pertinent part,

**8.** The judgment read as follows:

**FINAL JUDGMENT DECLARING DEBT NONDISCHARGEABLE**

In accordance with the Opinion entered this day, it is hereby

ORDERED that the order of discharge entered in this case on August 16, 1994 does not discharge the debt for personal injury owed. by Timothy A. Wiggins to Joe Mack Harper, and the debt is hereby declared to be NONDISCHARGEABLE.

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

11 U.S.C. § 523(a)(9).

◼ To determine nondischargeability of a debt under § 523(a)(9), a court must determine that the debtor was legally intoxicated under state law[9] and that the liability for death or personal injuries resulted from the operation of a motor vehicle. *See In re Phalen,* 145 B.R. 551, 554 (Bankr.N.D.Ohio 1992); *see also Whitson,* 898 F.2d at 952. Because the default judgment rendered by the Circuit Court of Elmore County had already determined that Wiggins' operation of a motor vehicle proximately caused Harper personal injuries and property damage, the court need only consider whether the bankruptcy court erred in its determination that Wiggins was legally intoxicated at the time of the accident and whether the bankruptcy court had sufficient evidence on which to base this conclusion.

◼ In Alabama, driving under the influence of alcohol is illegal pursuant to *Code of Ala.* § 32–5A–191(a) (1975). Section 32–5A–191(a) provides as follows:

> (a) A person shall not drive or be in actual physical control of any vehicle while:
>
> (1) There is 0.10 percent or more by weight of alcohol in his blood;
>
> (2) **Under the influence of alcohol;**

The debt for personal injury is included as a component of the default judgment entered in *Harper v. Wiggins,* CV 91–332, on July 18, 1991 in the Circuit Court of Elmore County, Alabama.

**9.** In determining whether a party was legally intoxicated for purposes of § 523(a)(9), a bankruptcy court must apply state law. *Whitson v. Middleton,* 898 F.2d 950, 952 (4th Cir.1990) (citing *In re Lewis,* 77 B.R. 972 (S.D.Fla.1987)).

(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;

(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or

(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving.

*Code of Ala.* § 32–5A–191(a) (1975) (emphasis added). Under Alabama law, the phrase "under the influence of alcohol" is to be defined as having consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner. *Ex parte Buckner*, 549 So.2d 451, 453 (Ala.1989); *Pitts v. City of Auburn*, 552 So.2d 184 (Ala.Crim.App.1989). Although the Alabama statute imposes criminal liability, in considering whether the debt in question was nondischargeable pursuant to § 523(a)(9), a bankruptcy court utilizes a preponderance of evidence standard. *See Whitson*, 898 F.2d at 952; *Grogan v. Gardner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (a preponderance of the evidence standard of review is used for determinations of dischargeability under § 523(a)).

▪ Wiggins contends that there was insufficient evidence on which a bankruptcy court could base its finding that he was legally intoxicated at the time of the accident. In support of this contention, Wiggins argues that the fact that no blood alcohol or breath test was conducted at the time of the accident. Wiggins also asserts that the fact that he was never charged with public intoxication or driving under the influence of alcohol tends to show that the bankruptcy court lacked sufficient evidence of intoxication. Harper contends that the bankruptcy court had sufficient evidence from which to find that Wiggins was driving under the influence in violation of Alabama law. The court agrees with Harper's assertion.

It is undisputed that immediately prior to the accident, Wiggins had been drinking alcoholic beverages. Additionally, the trooper's testimony that Wiggins was under the influence of alcohol based upon his demeanor and

odor supports the bankruptcy court's finding that Wiggins was intoxicated at the time of the accident. Harper's testimony describing the manner in which Wiggins operated his vehicle is also consistent with the bankruptcy court's conclusion that Wiggins was driving under the influence of alcohol. Further, the bankruptcy court found the testimony of Harper and the state trooper credible, a determination which this court must give due regard pursuant to *Fed.R.Bankr.P.* 8013. Wiggins did not offer any evidence which contradicts the bankruptcy court's conclusion that he was intoxicated at the time of the accident.

▪ Wiggins' argument that the state trooper's failure to administer chemical tests at the time of the accident to determine his blood-alcohol level precludes the bankruptcy court's determination that he was intoxicated is groundless. It is not necessary to introduce evidence of the defendant's blood alcohol level when determining a violation of § 32–5A–191(a)(2). *See Suttle v. State*, 565 So.2d 1197, 1200 (Ala.Crim.App.1990). Proof of 0.10 percent or more by weight of alcohol in the blood is merely one method of proving unlawful operation of a vehicle under *Code of Ala.* § 32–5A–191 (1975). *Ex parte State of Alabama*, 528 So.2d 1159, 1162 (Ala.1988). Therefore, the court finds this contention meritless.

▪ Wiggins also contends that because he was never charged with public intoxication or driving under the influence of alcohol the bankruptcy court erred in concluding that he was legally intoxicated for purposes of § 523(a)(9). For purposes of determining nondischargeability under § 523(a)(9), legal intoxication does not have to be specifically adjudicated by a state court. *Whitson*, 898 F.2d at 952; *In re Phalen*, 145 B.R. at 554 (citation omitted). Therefore, the fact that Wiggins was never convicted of either violation does not prevent the bankruptcy court from concluding that Wiggins was legally intoxicated under Alabama law when the accident occurred.

The testimony of Harper and the state trooper provide sufficient evidence to support the bankruptcy court's conclusion that Wig-

gins was driving while intoxicated in violation of Alabama law at the time of the collision. Because the court does not have a definite and firm conviction that a mistake has been committed under the evidence before it, the court finds that the bankruptcy court's decision is not clearly erroneous on the issue of Wiggins' intoxication. *See Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511. Therefore, the court concludes that the bankruptcy court's finding of fact on this issue is due to be affirmed.

### APPLICATION OF § 523(a)(9)

■ Wiggins contends that the bankruptcy judge erred in concluding that the entire debt is nondischargeable under § 523(a)(9). Wiggins argues that § 523(a)(9) only exempts debt stemming from death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol. 11 U.S.C. § 523(a)(9). Wiggins asserts that the bankruptcy judgment should be reversed because the default judgment compensates Harper for both personal injury and property damage, and only the amount pertaining to personal injury is exempt from discharge under § 523(a)(9).

Although the statute is meant to protect from dischargeability in bankruptcy the claims of those injured in drunk driving accidents, the plain language of § 523(a)(9) does not exempt property damage from discharge. Courts that have considered whether claims for property damage are subject to exemption from dischargeability under § 523(a)(9) have found that such claims are dischargeable. *See In re Williams* 175 B.R. 17 (Bankr. M.D.Tenn.1994) (holding that the exception to discharge for death or personal injury caused by a debtor's operation of a motor vehicle while intoxicated did not render property damage claim nondischargeable); *In re Spencer,* 168 B.R. 142 (Bankr.N.D.Tex.1994) (although the court held that the portion of the claim relating to bodily injury was dischargeable because the driver failed to prove

by a preponderance of the evidence that the debtor drove while legally intoxicated, the court stated that the portion of the claim relating to damage to the vehicle and the rental of a replacement car were discharged). Harper has failed to direct the court's attention to any cases which hold that property damage caused by the debtor's operation of a motor vehicle while the debtor is legally intoxicated is nondischargeable under § 523(a)(9).

■ Because the amount of damages assessed by the judgment entered by the Circuit Court of Elmore County, Alabama on August 15, 1991, included compensation for damages to Harper's automobile,[10] under the clear language of the statute the amount of damages attributable to the damage to the car is not subject to the exemption for discharge provided in § 523(a)(9).

Wiggins is mistaken in interpreting the judgment of the bankruptcy court as holding the indebtedness for property damage to be exempt from discharge. It does not. The judgment holds that the order of discharge does not discharge "the debt for personal injury" and points out that the debt for personal injury "is included as a component of the default judgment." The bankruptcy court did not hold that the entire judgment debt is nondischargeable, only that part attributable to personal injury. This court agrees with that conclusion. Since the judgment includes both personal injury and property damage, it cannot be held to be exempt or nonexempt from dischargeability in its entirety. Section 523(a)(9) exempts a debt for personal injury, but not a debt for property damage.

■ Rather than making a factual finding as to the amount of indebtedness which was dischargeable and the amount which was not, however, the bankruptcy court left that determination to be the subject of future litigation in another forum. The court finds this to be error. The bankruptcy judge ex-

---

10. The default judgment states that the court heard the evidence ore tenus at a hearing on Harper's motion to prove damages, after which the court found as a fact, "That the Plaintiff was caused to suffer the following injuries and dam-

ages ... and his automobile was greatly bent, mashed and broken and the fair market value thereof was greatly and permanently depreciated."

682

pressed concern over going behind the state court judgment. That is not necessary, in the sense of attempting to determine the thoughts of the state court judge. The default judgment recites that it was based on evidence presented on behalf of Harper. The bankruptcy court can determine from testimony from the attorneys who represented Harper in obtaining the default judgment what evidence was presented to the court as to property damage. From that it should be ascertainable what amount of indebtedness for property damage is included in the judgment. The bankruptcy court can then enter a final judgment stating the amount of indebtedness that is discharged and the amount that is not. Wiggins will then know what he owes and Harper will know what he can legally take steps to collect.

### CONCLUSION

For the reasons stated above, it is the Order of the court that:

1. The final judgment of the bankruptcy court entered on December 14, 1994, is AFFIRMED to the extent that it holds the debt for personal injury included in the state court default judgment to be nondischargeable.

2. The case is REMANDED to the bankruptcy court to make a finding of fact as to what amount of debt for property damage is properly included in the default judgment and to enter a final judgment based on that finding as to what amount of debt included in the judgment was discharged by the order of discharge entered by it on August 16, 1994, and what amount is nondischargeable.