In re James L. CAFFEY, Debtor.

Kent Perdue, Husband of Lisa White Perdue, deceased, Plaintiff,

v.

James L. Caffey, Defendant.

Bankruptcy No. A97–80935–ADK. Adversary No. 98–6085.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 19, 2000.

Gilchrist M. Gibson, Hughes & Gibson, Clarkston, GA, for Plaintiff/Petitioner.

Jacob Samuel Daughtry, II, Jonesboro, GA, for Defendant/Respondent.

### ORDER

ARMAND DAVID KAHN, Bankruptcy Judge.

This matter is before this Court on the Plaintiff's motion for summary judgment. The Plaintiff initiated this adversary proceeding by filing a Complaint against the Debtor alleging that the debt owed to the Plaintiff, evidenced by a state court default judgment against the Debtor for the wrongful death of the Plaintiff's wife resulting from an accident in which the Debtor was driving while intoxicated, is nondischargeable under § 523(a)(9). The Plaintiff served the Debtor with the complaint and summons on February 11, 1998, but the Debtor did not file an answer. Default was entered against the Debtor on July 28, 1998, and the Plaintiff moved for a default judgment against the Debtor. The Court granted the motion for default judg-

ment and entered the default judgment on September 4, 1998. The Debtor filed a Motion to Open Default Judgment on December 15, 1998, and an Amended Motion to Open Default Judgment on January 15, 1999, through his counsel, Mr. Jacob Daughtry. Before this Court could rule on the motions to open default filed by Debtor's counsel, the Debtor filed an amended motion to open default judgment, pro se, on March 11, 1999. A hearing was held on the motions on March 17, 1999. On March 22, 1999, this Court entered an Order granting the Debtor's motion to open the default judgment and giving the Debtor twenty (20) days to file an answer to the Complaint. The Debtor filed an answer on April 6, 1999. On June 22, 1999, the Plaintiff served on the Debtor a Request for Production of Documents, Plaintiff's First Interrogatories to Defendant, and Requests for Admission. The Debtor failed to respond to any of the discovery requests. On October 27, 1999, the Plaintiff filed an amendment to his Complaint in which he added a request for determination of dischargeability under § 523(a)(6) and an allegation that the Debtor was driving as an uninsured motorist. On November 1, 1999, the Plaintiff filed a motion for summary judgment seeking a declaration from this Court that the Debtor's debt to him was nondischargeable under § 523(a)(6) and § 523(a)(9). In his motion, the Plaintiff relied on the "deemed" admissions of the Debtor. The Debtor did not respond to the motion for summary judgment.

On March 16, 2000, a status conference was held which was attended by counsel for both parties. Counsel for the Debtor indicated that his client would not cooperate in responding to the discovery requests or the motion for summary judgment. The Court reminded counsel for the Debtor of the serious ramifications that would result if the Debtor failed to respond to the discovery requests, particularly the requests for admissions, and the motion for summary judgment (i.e., facts would be

deemed admitted). The Court then entered an Order giving the Debtor thirty (30) days to respond to the discovery requests and the motion for summary judgment. The Debtor did not respond to the discovery requests or the motion for summary judgment within the time provided for in the Order. Therefore, the Court will consider the motion for summary judgment based on the pleadings before it.

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Colsa Corp. v. Martin Marietta Servs., Inc.,* 133 F.3d 853, 855 (11th Cir.1998).

Here, the Plaintiff seeks a judgment from this Court declaring the Debtor's debt to him, arising out of a state court default judgment for wrongful death, to be nondischargeable pursuant to § 523(a)(6) and § 523(a)(9) of the Bankruptcy Code.

### § 523(a)(6)

█ The Plaintiff states that he is entitled to summary judgment under § 523(a)(6) because the Debtor was driving an uninsured vehicle. Section 523(a)(6) provides that a discharge in Chapter 7 does not discharge the Debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Eleventh Circuit, in *Hope v. Walker (In re Walker),* 48 F.3d 1161 (11th Cir.1995), held that the failure to maintain worker's compensation insurance did not constitute a willful and malicious injury such that the Debtor's debt to an injured employee was not nondischargeable under § 523(a)(6). In so holding, the court stated that, under § 523(a)(6), "the debtor must have intend-

ed more than merely the act that results in injury." *Id.* at 1164. Rather, the court held, "section 523(a)(6) requires a deliberate or intentional injury." *Id.* at 1165. In applying this rule to the case, the court stated,

> [I]t is clear that [the creditor's] physical injury was not substantially certain to result from [the debtor's] failure to obtain workers' compensation insurance. While [the debtor's] failure to act did result in [the creditor's] lack of coverage *after* the latter's accident, it cannot be said that [the debtor] intended for [the creditor] to suffer a fall or that there was an unbroken chain of events leading from [the debtor's] intentional act to [the creditor's] injury.

*Id.* (emphasis added). The court further stated that "[o]perating without insurance is a clear example of recklessness ...." *Id.* The Supreme Court case of *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), supports the Eleventh Circuit's interpretation of § 523(a)(6). In *Geiger,* the Supreme Court held that "debts arising from recklessly or negligently inflicted injury do not fall within the compass of § 523(a)(6)." *Id.* at 978. The Court interpreted the language "willful and malicious injury" to require "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* at 977. Thus, under *Geiger* and *Walker,* the Debtor's failure to maintain automobile insurance in this case does not constitute a willful and malicious injury under § 523(a)(6). The Plaintiff, therefore, is not entitled to summary judgment under § 523(a)(6).

### § 523(a)(9)

█ The Plaintiff also seeks a summary judgment under § 523(a)(9). Section 523(a)(9) excepts from discharge any debt "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." In making

the determination of whether a Debtor's operation of a vehicle was unlawful as the result of using alcohol, the Court must look to the law of the state in which the vehicle was being operated. *See, Wiggins v. Harper (In re Wiggins)*, 180 B.R. 676, 679 (Bankr.M.D.Ala.1995)(citing *Whitson v. Middleton*, 898 F.2d 950, 952 (4th Cir. 1990)). Georgia law provides, in pertinent part,

(a) A person shall not drive or be in actual physical control of any moving vehicle while:

(1) Under the influence of alcohol to the extent that it is less safe for the person to drive;

. . .

(5) The person's alcohol concentration is 0.10 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended.

O.C.G.A. 40–6–391.

█ The Debtor has argued, in connection with his motion to open default judgment filed on March 11, 1999, that this Court cannot find that his operation of the vehicle was "unlawful" under Georgia law as the result of using alcohol because he was found "not guilty" on two counts of driving under the influence of alcohol in the criminal proceeding against him arising out of the same accident. The Debtor is essentially arguing that the criminal acquittals collaterally estop the Plaintiff from trying to prove the issue of unlawfulness in this proceeding. The Plaintiff, on the other hand, argues that the principles of collateral estoppel would not apply to prevent him from proving the issue of unlawfulness because the burden of proof in this proceeding is lower than the burden of proof in the criminal proceeding. This Court agrees with the Plaintiff.

The Supreme Court, in *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991), held that all dischargeability provisions require proof by the pre-

ponderance of the evidence. In *Grogan*, the plaintiff had obtained a judgment based on fraud in state court in a state that required only proof by the preponderance of the evidence in fraud cases. The Debtor argued that the dischargeability provision excepting from discharge debts obtained by fraud required proof by clear and convincing evidence and that therefore, the state court judgment would not have preclusive effect in the dischargeability proceeding. The Supreme Court rejected the Debtor's argument and held that the state court judgment would have preclusive effect because *all* dischargeability provisions require proof by the preponderance of the evidence even in light of the fact that most states require a higher burden of proof (i.e., clear and convincing) in fraud cases. *See, Grogan*, 498 U.S. at 288, 111 S.Ct. at 660 ("Even if we believed that Congress had contemplated the application of different burdens of proof for different exceptions, the fact that most States required fraud claims to be proved by clear and convincing evidence would not support the conclusion that *Congress* intended to adopt the clear-and-convincing standard for the fraud *discharge* exception.")(emphasis in original).

█ In this case, proof was required beyond a reasonable doubt to convict the Debtor of driving while under the influence of alcohol in the criminal case. Because the much lower standard of proof by the preponderance of the evidence applies in this adversary proceeding, the Plaintiff is not estopped from attempting to prove that the Debtor's operation of the vehicle was unlawful (under Georgia law) as a result of using alcohol.

█ In his motion for summary judgment, the Plaintiff relies on the Debtor's deemed admissions to Requests for Admission that were served on the Debtor on June 22, 1999, and on his Statement of Material Facts filed in connection with the present motion, which the Debtor failed to respond to, even after having been given additional time by this Court. Request for

Admission No. 5 states, "That you were a less safe driver as the result of your consumption of alcohol at the time of the subject collision." Statement of Material Fact No. 5 states, "That Debtor/Defendant Caffey was a less safe driver as the result of his consumption of alcohol at the time of the subject collision." An admission by the Debtor of this statement would be an admission that his operation of the vehicle at the time of the accident was "unlawful" under O.C.G.A. § 40–6–391(a)(1), which states, "A person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive." Rule 36 of the Federal Rules of Civil Procedure, with regard to requests for admissions, provides, "The matter is deemed admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...." Bankruptcy Local Rule 7056–1(b)(2) provides, "All material facts contained in the moving party's statement which are not specifically controverted in respondent's statement shall be deemed admitted." Thus, because the Debtor failed to respond to the Plaintiff's Requests for Admission and to the Plaintiff's

motion for summary judgment, Request for Admission No. 5 and Plaintiff's Statement of Material Fact No. 5 are deemed admitted under Rule 36 of the Federal Rules of Civil Procedure and Bankruptcy Local Rule 7056–1(b)(2), respectively. The Debtor having admitted to being "a less safe driver as the result of his consumption of alcohol at the time of the subject collision," this Court must find that the Debtor's operation of the motor vehicle at the time of the accident was "unlawful" for purposes of § 523(a)(9). The Plaintiff is, therefore, entitled to summary judgment that the state court judgment against the Debtor is nondischargeable pursuant to § 523(a)(9). Accordingly,

**IT IS ORDERED** that the Plaintiff's motion for summary judgment, filed herein on November 1, 1999, be, and hereby is, **granted.** A separate judgment will be entered contemporaneously herewith.

The Clerk is hereby **directed** to serve a copy of this Order on the Plaintiff's attorney, the Debtor, and the Debtor's attorney.

**IT IS SO ORDERED.**